UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 13-151-DLB

LUNNIE WESLEY HARRIS, JR.                                              PLAINTIFF

vs.            MEMORANDUM OPINION AND ORDER

SARA LEE/HILLSHIRE BRANDS CORP.                                       DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.   Introduction**

Plaintiff Lunnie Wesley Harris, Jr. Brings this *pro se* employment discrimination action against his former employer, Defendant Sara Lee/Hillshire Brands Corporation, alleging that he was fired for calling his former supervisor a racist. Plaintiff asserts that Defendant violated his Fourteenth Amendment rights, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq* ("the ADEA"), and the Genetic Information Nondisclosure Act of 2008, 42 U.S.C. § 2000ff ("GINA"). Defendant has moved to dismiss Plaintiff's complaint on a number of grounds (Doc. # 9). Defendant's motion has been fully briefed (Docs. # 11, 12) and is now ripe for review. For the following reasons, the Court agrees that Plaintiff's Complaint shall be dismissed.

**II.   Factual and Procedural Background**

According to Plaintiff's complaint, he was employed by Defendant as a floor runner and was responsible for the quality of meats produced by Defendant. Plaintiff became

embroiled in a dispute with his new supervisor, Jim Brooks, regarding the proper procedures for maintaining the quality of the meats.  During a meeting with Defendant's Human Resources department on August 2, 2012, Plaintiff accused Brooks of being a racist, and complained about an employee's vehicle that had a Confederate flag engraved in its windshield.  On August 10, 2012, Defendant terminated Plaintiff's employment despite the fact that Defendant was still investigating Plaintiff's complaint of "racial issues."  (Doc. # 1 at 8).

As a result of the foregoing, Plaintiff filed a suit in this Court on December 4, 2012, alleging violations of the Fourteenth Amendment, Title VII, the ADEA, and GINA.  (*See* 2:12-cv-240-DLB).  Upon an initial screening, the undersigned dismissed that suit without prejudice.  (Doc. # 6 in 2:12-cv-240-DLB).  The Court held that Plaintiff could not proceed on his statutory claims because he failed to attach a right-to-sue letter from the Equal Employment Opportunities Commission ("EEOC") to his Complaint, or otherwise allege that he had received such a letter.  Additionally, the Court held that Plaintiff could not pursue a claim against his employer for violations of the Fourteenth Amendment because that Amendment does not apply to private employers.  (*Id.* at 6).

This is Plaintiff's second suit against his employer based on his allegedly unlawful termination.  He has attempted to cure the defects of his first suit by attaching various documents to his Complaint, most notably an EEOC intake questionnaire (Doc. # 1-3) and an EEOC dismissal and right-to-sue letter dated August 31, 2012 (Doc. # 1-4).  The EEOC intake questionnaire indicates that Plaintiff complained that he was subject to discrimination based on his race and national origin; he did not check the boxes for discrimination based on sex, age, disability, genetic testing, or family medical history.  (Doc. # 1-3 at 2).

Moreover, the factual allegations in Plaintiff's intake questionnaire suggest that he was discriminated against based solely on race and national origin; they make no mention of age or genetic information.

### III. Analysis

Defendant has moved to dismiss Plaintiff's Complaint on four grounds. (Doc. # 9). First, Defendant argues that Plaintiff's Fourteenth Amendment claim fails as a matter of law because the Fourteenth Amendment does not apply to private employers. Second, Defendant contends that Plaintiff's Title VII, ADEA, and GINA claims are untimely because they were filed outside of the ninety-day statute of limitations. Third, Defendant asserts that Plaintiff failed to exhaust his administrative remedies on his ADEA and GINA claims because he did not first bring these claims before the EEOC. Finally, Defendant believes that Defendant has failed to state a claim for violations of the ADEA or GINA because the Complaint is devoid of any facts that suggest he was terminated based on his age or genetic information.

As explained more fully herein, the Court agrees that Plaintiff filed his Title VII, ADEA, and GINA claims outside the applicable statute of limitations, otherwise failed to exhaust his administrative remedies on his ADEA and GINA claims, and cannot assert a claim against his employer for violating his Fourteenth Amendment rights. Each of these findings compel the Court to dismiss this action. Therefore, the Court need not address whether Plaintiff has pled sufficient facts to support a claim under the ADEA or GINA.

### A. Pro Se Litigants

Plaintiff argues that the Court must construe his pleadings liberally and not hold his procedural failures against him. There is some truth to the former assertion, not the latter.

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This standard, though, does not require the Court to conjure up facts that were not pled in the complaint. *McFadden v. Lucas*, 713 F.2d 143, 147, n. 4 (5th Cir. 1983). Furthermore, "federal courts have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) (internal citations omitted).

### B. Fourteenth Amendment Claim

In Plaintiff's previous suit against Defendant on the same set of facts, he alleged that Defendant violated his Fourteenth Amendment rights. The undersigned held that the Fourteenth Amendment claim must be dismissed "because the Fourteenth Amendment does not apply to private employers." (Doc. # 6 at 3 in 2:12-cv-240) (citing *Regents of University of California v. Bakke*, 438 U.S. 265, 418 n. 20 (1978) (Stevens, J., concurring in the judgment in part and dissenting in part)). This remains good law and continues to doom Plaintiff's Fourteenth Amendment claim.

### C. Statute of Limitations

Under Title VII, the ADEA, and the GINA, once a plaintiff receives a right-to-sue letter from the EEOC, he has ninety days to file his civil action in district court. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); 42 U.S.C. § 2000ff-6(e). "The Sixth Circuit has

4

resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notifications to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Here, Plaintiff has not attempted to establish when he received the right-to-sue letter. Therefore, the Court will rely on the presumption that it was received five days after it was mailed. The letter was signed and dated, and presumably mailed on August 31, 2012. With the five-day mailing rule, Plaintiff received the right to sue letter on September 5, 2012. However, he did not file this lawsuit until August 15, 2013, approximately 254 days after the ninety-day statute of limitations had run. His claims under Title VII, the ADEA, and the GINA are, therefore, untimely and shall be dismissed.

Plaintiff challenges this conclusion by pointing to the date that he filed his first lawsuit, apparently arguing that he filed his first suit within the applicable statue of limitations which somehow makes this second lawsuit timely. Plaintiff did file his first lawsuit within the applicable statute of limitations; his Complaint was filed on December 4, 2012, the last day of the ninety-day statute of limitations period. However, that Complaint was later dismissed without prejudice. Filing the original Complaint within the applicable statute of limitations did not toll the statutory period of Title VII, the ADEA or the GINA. *See Wilson v. Grunman Ohio Corp.*, 815 F.2d 26, 29 (6th Cir. 1987).

The Sixth Circuit addressed this exact issue in *Wilson*. There, the plaintiff filed her first Title VII law suit eighty-seven days after receiving her right-to-sue letter. *Id.* at 27. That case was dismissed without prejudice for failing to perfect service on the defendant. *Id.* The plaintiff then filed a second lawsuit eighty-five days after the dismissal of her first

case and over fifteen months after receiving her right-to-sue letter. *Id.* The district court dismissed the second lawsuit because it was filed outside of the ninety-day statutory period. *Id.* The Sixth Circuit Court of Appeals affirmed, holding that "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII. Because [the plaintiff] did not refile within the original ninety day period, the district court correctly dismissed her second complaint." *Id.* at 28. That holding applies with equal force here: because Plaintiff failed to file his second complaint within the original ninety day period, his Title VII, ADEA, and GINA claims are hereby dismissed.

### D. Failure to Exhaust Administrative Remedies

In addition to the statute of limitations argument, Defendant also argues that Plaintiff failed to exhaust his administrative remedies on his ADEA and GINA claims. As a statutory prerequisite to bringing claims under both Acts, Plaintiff was obligated to explicitly file the claims in his EEOC charge or the claims must be reasonably expected to grow out of the charge. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008). Defendant argues that Plaintiff failed to check the boxes for age or genetic information discrimination on his EEOC charge, and that the charge is otherwise devoid of any facts to support either claim. Plaintiff failed to respond to this argument. In any event, the Court agrees with Defendant; Plaintiff has failed to exhaust his administrative remedies on his ADEA and GINA claims.

Plaintiff did not check the box on his EEOC charge for discrimination based on "age" or "genetic information." Likewise, Plaintiff did not allege any facts in his EEOC charge to put the EEOC on notice of his ADEA or GINA claims. The factual allegations on his charge state in their entirety as follows:

> I. I am a Black person of African descent. On or about August 2, 2012 I complained of racial issues within the workplace following a heated discussion with a manager. On August 2, 2012 I was suspended. On or about August 10, 2012 I was discharged.
>
> II. Brian Personett, Human Resources, stated I was suspended following the argument. Mr. Personett stated I was discharged due to insubordination.
>
> III. I believe I have been discriminated against due to my race (Black), National Origin (African), Color and in retaliation for my complaints in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. # 1-5). These facts would not have prompted the EEOC to investigate a different, uncharged claim. *See Spengler v. Worthingon Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (considering whether factual allegations put the EEOC on notice of the plaintiff's retaliation claim despite the plaintiff's failure to check the "Retaliation" box on the EEOC charge). Plaintiff is therefore precluded from pursuing his ADEA or GINA claims in district court.

**IV. Conclusion**

Accordingly, for the reasons set forth herein, **IT IS ORDERED** as follows:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 9) is hereby **granted**;

(2) Plaintiff's Complaint is hereby **dismissed with prejudice**; and

(3) This matter is hereby **stricken** from the Court's active docket.

This 22nd day of April, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge